IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEAN DIXON, III,

    Petitioner,

vs.

MIKE MCDONALD, et al.,

    Respondents.

No. 2:12-cv-0215 GEB EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondents' motion to dismiss on the grounds that the petition is second or successive and is untimely. Dckt. No. 10. Petitioner opposes the motion.[1] Dckt. No. 13. As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. Respondents' motion to dismiss must therefore be granted.

    A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on

---

[1] In his opposition, petitioner requests the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The undersigned does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings. Accordingly, the request is denied.

1

which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147, 153-155 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. at 153.

The petition in this case challenges the October 7, 2008 judgment of conviction entered in the Butte County Superior Court, for first degree murder, and for which petitioner was sentenced to fifty years to life. Dckt. No. 1 at 2. The court has examined its records, and finds that petitioner challenged the same conviction in an earlier action. *See Dixon, III, v. McDonald*, 2:10-cv-3030 GEB KJN (challenging petitioner's "2008 conviction on charges of first degree murder" resulting in a sentence of "50 years to life in prison.").[2] In the prior action, a magistrate judge of this court issued findings and recommendations considering the claims on the merits and recommending that the petition be denied. *Id.*, Dckt. No. 22 at 5-20. A district judge adopted the findings and recommendations in full and denied the petition on the merits. *Id.*, Dckt. No. 26. Judgment was entered and the district judge declined to issue a certificate of appealability. *Id.*, Dckt. Nos. 26, 27.

Because petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition. Accordingly, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

---

[2] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

Accordingly, it is hereby ORDERED that petitioner's request for appointment of counsel, Dckt. No. 13, is denied.

Further, it is RECOMMENDED that:

1. Respondents' motion to dismiss, Dckt. No. 10, be granted;

2. This action be dismissed on the ground that the petition is second or successive and petitioner has not demonstrated that the Court of Appeals has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Dated:  January 16, 2013.

　　　　　　　　　　　　　　　　　　／s／ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE